Argued July 8, 1965, affirmed March 30, 1966

# BOHREN *v.* BOHREN
412 P. 2d 524

*Geo. P. Winslow,* Tillamook, argued the cause for appellant. On the briefs were Winslow and Winslow, Tillamook.

*Douglas E. Kaufman,* Tillamook, argued the cause for respondent and cross-appellant. On the brief were McMinimee & Kaufman, Tillamook.

Before McALLISTER, Chief Justice, and *O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

### DENECKE, J.

The plaintiff husband brought suit for divorce, and the defendant wife counterclaimed for divorce. The court granted the divorce to the wife and awarded her a $750 attorneys' fee prior to trial and an additional $1,250 in the final decree, a total of $2,000. Initially, the trial court indicated it would only award a total of $1,000, which it deemed inadequate for the time consumed, but believed that anything additional would be unfair in view of the other financial demands the decree placed upon the husband. At a supplemental hearing it was shown that the husband had recently inherited some money and the court thereupon increased the attorneys' fees to $2,000. Defendant appeals only from the amount of the award of $2,000 for attorneys' fees.

The amount of the attorneys' fees to be awarded to permit the wife to prosecute or defend a divorce suit is within the discretion of the trial court,

---

* O'Connell, J., did not participate in this decision.

and it will not be changed unless there has been an abuse of such discretion. *Blake v. Blake,* 147 Or 43, 53, 31 P2d 768 (1934). The financial resources of the husband should be taken into consideration. In *Wiles v. Wiles,* 211 Or 163, 315 P2d 131 (1957), an award of a $50 attorneys' fee was affirmed; it was obvious in that case that if the husband had unlimited funds $50 was grossly inadequate for the services performed.

The award of attorneys' fees in the present case is affirmed.

The plantiff cross-appeals. He contended that the trial court erred in granting his wife a divorce and in denying plantiff's plea for divorce.

The principal charge made by the husband was that his wife for the past year and one-half continually had been committing adultery with another man, a minister. In his answers to written interrogatories the husband named 19 specific dates when he claimed his wife committed adultery. However, at the trial the husband did not offer evidence to prove any of these alleged adulteries except the one which he claimed occurred on May 23, 1962. The plaintiff repeatedly fixed this specific date. At a previous alienation of affection trial the husband also had precisely fixed this same date as the time of an adulterous act. Ultimately, the husband's right to a divorce was dependent upon whether he proved his wife committed adultery on May twenty-third.

The trial court found that the husband had not proved this act of adultery and the record substantiates the trial court's finding. The husband testified that he learned of the minister's presence on the crucial date by seeing the minister's car in the plaintiff's garage on that date. An employee of an automobile sales

agency in Portland, called as a witness by the defendant, produced the records of his firm which established that on all of May 23, 1962, the car of the minister was in the firm's garage in Portland undergoing extensive repairs. The husband testified that he observed enough of his wife's and the minister's activity at that time to be certain they were committing adultery. However, the husband admitted that for the next two months he said nothing to his wife, continued to enjoy Sunday drives and dinners with his wife and her parents, and continued to associate with the minister. We agree with the trial court that this is peculiar behavior for a husband who claims he witnessed his wife committing adultery with the minister.

■ In her counterclaim for divorce, the wife charged cruel and inhuman treatment in that, among other charges, the husband continuously made statements that defiled the character of his wife and charged that she was having an affair with another man. This would include charges and testimony that defendant had committed adultery. The trial court found that the making of such charges, the failure to even attempt to prove any of the charges except one, and the failure to prove that single charge, did amount to cruel and inhuman treatment entitling the wife to a divorce. We concur.

We also affirm the trial court's awarding the custody of the two children, now approximately ages 9 and 6, to the wife, and likewise affirm the trial court's division of property.

The record contains over 1, 200 pages of testimony and numerous exhibits. A substantial portion of this was due to exchanges between the attorneys which appear to have nothing to do with the merits of the case. Rule 26 of the Rules of Professional Conduct pro-

vides: "Personal colloquies between counsel which cause delay and promote unseemly wrangling shall be carefully avoided."

Costs to neither party.

Affirmed.