Argued June 24, affirmed as modified August 26, 1971

ERPELDING, *Respondent-Cross-Appellant, v.*
ERPELDING, *Appellant-Cross-Respondent.*

487 P2d 1406

*Myron L. Enfield,* Salem, argued the cause and filed the briefs for appellant-cross-respondent.

*Lawrence N. Brown,* Salem, argued the cause for respondent-cross-appellant. With him on the brief were Brown & Burt, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The trial court granted plaintiff a divorce, custody of the children, support, alimony, attorney fees and a substantial award of property. Defendant appeals from the portion of the decree relating to award of property and alimony. Plaintiff cross-appeals asserting that the court made an inadequate award of attorney fees in the amount of $4,150.

The court awarded child support for the three children, aggregating $450 a month and alimony of $600 per month. The net value of the parties' assets was approximately $120,000 and consisted principally of a number of pieces of real property and stock in two corporations whose assets consisted almost entirely of real property. The parties owned a 50 percent interest in the corporations. Virtually all of the real estate, including that of each corporation, was heavily encumbered, though in varying proportions in relation to their respective values. In terms of net value the wife was awarded about 65 percent and the husband about 35 percent of the property. In addition, the husband assumed current liabilities in excess of $19,000. The wife on the other hand testified she faced two operations and the costs attendant thereon.

The husband was engaged in the construction and painting business. He was 48 at the time of trial. The wife was not employed outside the home, and

was 46 years of age. The personal income tax returns for 1967, 1968 and 1969 showed taxable income, respectively, in the approximate amounts of $29,000, $14,400 and $18,000.

In *Stettler v. Stettler*, 2 Or App 119, 467 P2d 130 (1970), we discussed at length the rules which govern questions relating both to division of property and the award of alimony. We have carefully reviewed the record in the light thereof. An award of attorney fees will only be modified on a showing of abuse of discretion. *Bohren v. Bohren*, 243 Or 237, 412 P2d 524 (1966). None was shown here.

We conclude that the award of property and the allowance of attorney fees should be affirmed but that the award of alimony should be reduced from $600 per month to $400 per month. It is so ordered.

Affirmed as modified.