Argued November 2, affirmed as modified December 10, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
COLBATH, *Respondent, and* COLBATH, *Appellant.*

516 P2d 763

*Peery T. Buren,* Salem, argued the cause for appellant. With him on the briefs was Robert J. Thorbeck, Salem.

*Lawrence N. Brown,* Salem, argued the cause for respondent. With him on the brief were Brown, Burt & Swanson, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Defendant husband appeals from certain provisions of a decree of dissolution of marriage granted to plaintiff wife.

Defendant contends that the trial court erred (1) in requiring the husband to pay forthwith $20,000 lump-sum settlement; (2) in awarding the wife excessive attorney fees or any attorney fees; (3) in awarding $400 a month alimony to the wife; and (4)

in awarding child support of $9,600 annually ($200 per month for each child).

The history of this marriage, except as relevant to specific assignments of error and set out below, need not be detailed. The parties were married for some 19 years. Four children were born to the marriage: Candice, age 16, Kimberly, age 14, Bart, age 12, and Blair, age 10. The couple enjoyed an above-average standard of living during the marriage.

The evidence established that defendant is a successful realtor-businessman; that the couple's net worth at the time of suit was approximately $150,000, although the wife contended that the evidence showed that the correct figure was closer to $200,000. The husband's taxable income for the last three years averaged slightly in excess of $30,000 annually.

The wife did not work outside the home during the marriage, devoting her entire efforts to the important responsibilities of child-rearing and home-making. However, three years ago she enrolled in college and was about to receive her bachelor's degree at the time she filed this suit. The record indicates that she plans to enroll immediately in a graduate program leading to a master's degree in order to qualify her as an accredited teacher of disturbed children.

We note that the husband does not contest the division of the property. He asks, however, that we provide that the $20,000 lump-sum payment be paid in monthly installments, and that the monthly payments be reduced as to both his former wife and the children.

■ Our review in this type of case is de novo. *Goode v. Goode,* 4 Or App 34, 476 P2d 805 (1970).

■ ■ We believe that the substantial assets of the parties, the wife's responsibility for overseeing the rearing of the four children, the discrepancy between the husband's and wife's earning capacities, plus the wife's need for job training, justify the $20,000 award and the $400 a month alimony. Recognizing, however, that the husband's business must generate the income necessary to make the payments ordered by the trial judge, we accept the husband's argument to this court that the lump-sum payment will deprive him of needed working capital. Accordingly we modify the provision regarding the $20,000 lump-sum payment by providing that said sum shall be payable at the rate of not less than $500 a month, including interest at the legal rate (ORS 82.010) on the unpaid balance, commencing January 15, 1974, such payments to continue on the 15th of each month thereafter until paid in full.

■ We are not persuaded by defendant's arguments that the amounts of monthly child support and alimony should be reduced. After a review of the record we believe that the amounts fixed by the trial court are fair and reasonable.

■ As to defendant's assignment that the trial court erred in awarding the wife excessive attorney fees or any attorney fees, we reject defendant's argument that plaintiff was required to allege a specific dollar amount in her complaint in this case. Neither *Parker v. S.I.A.C.*, 242 Or 78, 408 P2d 94 (1965), nor *Christy v. Christy*, 244 Or 575, 419 P2d 425 (1966), is in point. In each case a specified dollar amount was alleged as reasonable attorney fees. The court held that this amount represented the maximum that could be allowed by the trial judge. Here plaintiff simply prayed for reasonable attorney's fees and court costs. Defendant

did not move to have this portion of the complaint made more definite and certain nor to require plaintiff to fix a specific amount.

The prayer for "reasonable" attorney fees was legally sufficient in the absence of a motion from defendant, or other appropriate objection in the trial court. ORS 107.105 (1) (h).

Defendant also attacks the attorney fees allowed on the ground that the allowance was excessive.

Plaintiff's attorney testified that he spent "at least fifty hours of time" over a period of one year. An experienced attorney called by plaintiff to testify as to the value of the services performed stated that considering the nature and amount of assets involved and the experience and expertise of plaintiff's counsel, these services were reasonably worth $8,500. On cross-examination he testified further:

"In making my opinion, I based it on fifty hours at forty-five dollars an hour, which would be $2,250. As I indicated, that is only one factor involved in my opinion, just the basis to start with in a case of this nature."

The trial judge awarded plaintiff attorney fees totaling $6,550.

Our Supreme Court, in *Bohren v. Bohren*, 243 Or 237, 412 P2d 524 (1966), in upholding an award of $2,000 attorney fees to the wife, stated:

"The amount of the attorneys' fees to be awarded to permit the wife to prosecute or defend a divorce suit is within the discretion of the trial court, and it will not be changed unless there has been an abuse of such discretion * * *." 243 Or at 238-39.

■ The reasonable value of services performed by

an attorney in a given case is a question of fact to be determined in the light of the particular circumstances of that case. Among the factors to be considered in cases of this type are the nature of the proceedings, the novelty and difficulty of the issues involved, the time required, the value of interests involved, the results secured, the skill and standing of counsel, and the other financial demands the decree places upon the husband. *Bohren v. Bohren,* supra. *See also,* 7 Am Jur2d 183-86, Attorneys at Law §§ 235-244.

■ While no court can lay down an exact formula for the awarding of reasonable attorney fees in all cases, we conclude, from an examination of the entire record and consideration of all factors, that an allowance of a total attorney fee of $4,500 is ample in this case. The attorney fee of $6,550 previously allowed is hereby reduced to $4,500.

No costs are allowed to either party on this appeal.

Affirmed as modified.