Argued February 23, affirmed March 22, reconsideration denied April 21, petition for review denied May 11, 1976

In the Matter of the Dissolution of the Marriage of

HAASE, *Respondent,*
*and*
HAASE, *Appellant.*
(No. 73-2608, CA 4587)

547 P2d 168

*Terence J. Hammons,* Eugene, argued the cause for appellant. With him on the brief were Hammons, Phillips & Jensen, Eugene.

*Kenneth A. Morrow,* Eugene, argued the cause for respondent. With him on the brief were Morrow and McCrea, P. C., Eugene.

Before Schwab, C. J., and Foley and Lee, Judges.

LEE, J.

[ 837 ]

**LEE, J.**

In this dissolution case, appellant-wife maintains that the trial court erred in failing: (1) to award her additional property and (2) to award her attorney fees and costs.

Each of the parties brought to the marriage an automobile and the husband also brought substantially $5,000 in cash plus another $5,000 in stocks. They are both 32 years old and were married for ten years. Neither alleges any health problems. No children were born of the marriage. No support payments were decreed.

The wife has a high school education and has held six different jobs, primarily secretarial. Her salary ranged from $250-$800 per month. In addition, she assisted her husband in his real estate business.

The husband is a high school graduate who has also taken courses in accounting, business law, and real estate. He is licensed to sell insurance and is also a real estate broker. The husband has achieved success in the world of business, accumulating substantial assets in real estate and stock ventures.

In the husband's business dealings, the wife assisted in minor ways but he dominated the financial decisions. The wife was primarily the homemaker.

After both parties rested, the court apparently directed the parties to prepare a list of assets with values and a proposed division bearing in mind that either party could receive each asset as valued by the other. Each party prepared a list. The wife's proposed division placed a value on many, but not all, of the assets.

To test the fairness of the decree, we have used the parties' values for each of the assets and inserted the husband's valuations for the wife's when she did not submit a figure. Prior to making the decree, the court stated that it was inclined to "divide the assets of these

parties just as nearly equal as I can." The value of the assets distributed by the court to each party was as follows:

|  | Wife's Valuation | Husband's Valuation |
|---|---|---|
| Awarded to wife | $ 57,349 | $ 82,466 |
| Awarded to husband | 129,764 | 78,139 |

Our analysis indicates that the trial court's division was substantially equal.

The division of property upon dissolution is governed by ORS 107.105(1)(e) which provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances."

While not controlling, the factors listed in ORS 107.105(1)(c) are helpful in a case of property division. *Hardenburger and Hardenburger,* 18 Or App 267, 270-71, 525 P2d 179, Sup Ct *review denied* (1974). These factors are:

"* * * * *

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"* * * * *

"(H) Such other matters as the court shall deem relevant." ORS 107.105(1)(c), (A) through (H).

■ With the exception of one parcel of property (valued by the husband at $19,102 and by the wife at $10,015), the trial court made the division suggested by the husband. Bearing in mind (1) the husband's superior knowledge of real estate and stocks; and (2) that the husband submitted values for the assets which could

be awarded *to him or the wife,* we think the trial court made an equitable division.

The wife is (1) still young, (2) apparently has no health problems, and (3) has significant work experience. We find that she has received her fair share of the property.

■ We also agree that the trial court was correct in its decision to let each party bear the respective attorney fees and costs. In *Wirthlin and Wirthlin,* 19 Or App 256, 259, 527 P2d 147 (1974), we said:

> "That portion of the statute [ORS 107.105(1)(h)[1]] pertaining to an award of attorney fees at the trial level is couched in permissive rather than mandatory terms. * * *"

We have also held that "An award of attorney fees will only be modified on a showing of abuse of discretion." *Erpelding v. Erpelding,* 6 Or App 333, 335, 487 P2d 1406 (1971).

We find no abuse of the trial court's discretion in the instant case.

Affirmed.

---

[1] ORS 107.105(1)(h) states:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(h) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonable and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit."