Argued May 20, affirmed August 8, 1977

In the Matter of the Dissolution of the Marriage of
CRAIG, *Respondent—Cross-Appellant,*
*and*
CRAIG, *Appellant—Cross-Respondent.*
(No. 94006, CA 7545)

567 P2d 141

J. William Stortz, Salem, argued the cause for appellant—cross-respondent. With him on the briefs was Allen, Stortz, Barlow & Fox, Salem.

Charles D. Burt, Salem, argued the cause for respondent—cross-appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Before Thornton, Presiding Judge, and Tanzer, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The husband appeals the dissolution of marriage decree contending the award of spouse support to the wife is unreasonable both as to amount and duration. Wife cross appeals that portion of the decree awarding her attorney fees, alleging they are inadequate.

The parties were married for 19 years. Both are in their early forties and in good health.[1] The husband is a medical doctor specializing in internal medicine with a successful practice. His annual income has shown a steady increase and his projected earnings for 1976 were $90,000 to $95,000 with a reasonable expectation of increased future earnings. The wife has a college education and taught in elementary schools for seven years during the marriage. Her teaching salary provided the principal family support during the time husband was attending medical school and fulfilling his medical residency requirements. Her teaching certificate expired in 1968 but she had not been employed as a teacher since 1965. She would be required to take additional college courses in order to be recertified to teach in Oregon. She testified there were few openings for teachers and she did not know what she could earn if she reentered the teaching field. Husband testified he thought teachers with her qualifications could make $9,000 to $10,000 annually.

The wife was awarded custody of the parties' children, ages eight, ten and seventeen, and $200 per child per month child support. The marital property was divided consistent with a stipulation of the parties with the wife receiving assets valued at approximately $57,500 and husband receiving assets valued at approximately $92,100. The greater amount received by the husband reflected the value of his medical practice and the value of contributions to his Keogh Plan. The wife was awarded $1,200 per month spouse support to

[1] Wife testified she is experiencing some emotional problems resulting from the breakup of the marriage. This, however, does not appear to be sufficiently debilitating to affect her employability.

continue until her death or remarriage. Husband contends the spouse support should be less and be limited to one year during which time wife can be recertified and obtain employment as a teacher.

In *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), we set forth a number of principles that have been applied in determining the amount and duration of spouse support:

> "While each case must be decided on its own facts and no formula can be stated, certain principles emerge from an examination of the above cases. The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife's employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency. If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate." 17 Or App at 655.

In order to be employed the wife must acquire her teaching certificate and obtain employment in a limited job market. She is the custodial parent of three minor children, the youngest being eight years old. The husband as a comparatively young, successful practitioner, will enjoy a substantial income for a number of years. Assuming the wife realizes her full employment potential, there will still be a substantial disparity in the future incomes of the parties. The

wife's income from teaching will not allow a standard of living reasonably commensurate with that which she enjoyed during the marriage. The amount and duration of spouse support is reasonable.

■ The court awarded the wife attorney fees in the amount of $1,800. The reasonableness of attorney fees is a question of fact to be determined in the light of the particular circumstances of the individual case. The factors to be considered include the nature of the proceeding, the novelty and difficulty of the issues involved, the time reasonably required for research, preparation and for trial, the skill and standing of counsel, the value of the interest involved, the result obtained and the other financial demands the decrees place on the husband. *Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973).

■ In applying these criteria we are mindful that we do not set the actual fee the wife will pay but only the amount of the husband's contribution. The amount of any contribution is intertwined in the financial considerations of the parties and is in reality in the nature of a property division. This leads us to apply the principle set forth in *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), that the appellate court will refrain from modification of the decree unless persuaded the trial judge was clearly wrong. To engage in minor modifications tends to diminish the stability of circuit court decrees and encourage appeals in hopes the appellate court will make minor adjustments.

Considering all the factors involved in this proceeding the husband's contribution towards the wife's attorney fees is sufficient.

Affirmed. Costs to respondent—cross-appellant.