BUTTLER, J.
Wife appeals from a dissolution decree granting her spousal support of $100 per month for 48 months, and disallowing her attorney’s fees.
The parties were married for 18 years; husband is 49 and wife is 48. Husband is currently employed, earning approximately $12,000 per year, and in 1976, due largely to overtime, earned $15,000. He has been employed in that job for seven years. Wife has not worked for approximately 16 years. Prior to the marriage, and for two years thereafter, she worked as a waitress. She has an eighth grade education, and had one knee cap removed in 1968 following an automobile accident.
Wife was awarded custody of the two children of the marriage, ages 13 and 16, and husband is required to pay $150 per month per child for their support.
The principal question here is whether spousal support should extend beyond the 48 months set by the trial court, although wife also contends it should be increased in amount. While we agree with the trial court’s determination that "under the circumstances of the case, it is absolutely necessary that [wife] seek employment,” it is apparent that wife’s education and disability make her employable at an income overly disproportionate to the standard of living she enjoyed during the marriage. Kitson and Kitson, 17 Or App 648, 655, 523 P2d 575, Sup Ct review denied (1974). Husband, on the other hand, should not be required to take a substantial drop in his standard of living in order to maintain wife at a higher standard.
Because the decree requires the husband to pay off approximately $3800 in retail debts accumulated by the parties during the marriage, we do not think the spousal support should be increased. However, wife’s employment prospects cannot be expected to brighten *[552] measurably in 48 months. Accordingly, spousal support of $100 per month is warranted until wife remarries or dies, and the decree is so modified.
In light of the other financial demands the decree places on husband we concur in the trial court’s refusal to award attorney’s fees to wife. Craig and Craig, 30 Or App 419, 567 P2d 141 (1977).
Affirmed as modified. Costs to appellant.