Argued May 19, affirmed as modified October 16, reconsideration denied November 28, Sup Ct rev denied December 12, 1978, 284 Or 521

# In the Matter of the Dissolution of the Marriage of
## PAGET, *Respondent,*
### *and*
## PAGET, *Appellant.*
### (No. 91401, CA 9013)
585 P2d 38

Fred A. Granata, Portland, argued the cause and filed the brief for appellant.

Edward L. Clark, Jr., Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Gillette, Judges.

GILLETTE, J.

## GILLETTE, J.

The husband appeals from a marriage dissolution decree and assigns as error: (1) the amount and duration of spousal support, (2) the court's order that certain of the wife's debts, incurred by the wife after entry of an order for temporary support, be paid from the proceeds of the sale of certain jointly-owned real property, and (3) the court's order that attorneys' fees and costs for both parties be paid from the proceeds of the sale.

At the time of trial, the parties had been married for 25 years; wife was 47 and husband 48. They had three children, aged 23, 20 and 14.

On our *de novo* review, there would be no benefit in a recitation of the parties' marriage history. Suffice it to say that the testimony indicates that the parties have lived lavishly during most of their marriage, with most of the high cost of the lifestyle being borne by the use of capital trust assets borrowed from the parties' children.

Because of intricate family estate planning and business and financial transactions, the assets of the parties are difficult to particularize and their value difficult to ascertain. The trial judge listened to lengthy and complicated testimony from real estate appraisers, accountants and the parties themselves before identifying and valuing the assets and issuing a decree. The husband was awarded his real estate mortgage and investment business. The wife was awarded the condominium in which she now lives, subject to a mortgage of $38,200, and a parcel of real property valued at $18,000. The wife was also awarded spousal support in the amount of $1,000 per month for the first three years, to be reduced to $700 per month for the next two years, and then to $500 per month thereafter. The court also ordered the sale of a parcel of jointly-owned real property (the Tumalo property) with the proceeds to be used to pay specified debts of the parties, including attorneys' fees.

■ The husband first challenges the award of spousal support and argues that it is not commensurate with his assets and income-earning capacities. Husband admits there have been substantial assets in the past, but claims that the capital the parties once owned has been consumed and that there are simply no more capital assets. In particular, husband argues that there is no basis for the court's finding the husband receives income in excess of $30,000 per year as a property appraiser nor for the court's valuation of his business as an asset worth $100,000.

We have examined the record as to husband's contentions concerning alleged errors in the valuation of his property and income. Although there is room for argument on the amount arrived at by the court, we believe that the valuations are reasonable. Husband's financial statements indicate he earned income as an appraiser in the amount of $32,207.73 in 1974 and $65,136.50 in 1975. Husband also filed an affidavit indicating he earned $16,292.50 in appraisal fees in the first six months of 1976. An annual income of $30,000 is a reasonable estimate of husband's income-producing capabilities. The valuation of the corporation's worth is likewise reasonable. The financial picture of the corporation is characterized by complicated tax and accounting considerations, but an overall analysis of the corporation returns and the nature of the corporation suggests $100,000 is a reasonable valuation. We are not convinced that the lower court made a mistake, and decline to substitute an alternative valuation. *McCoy and McCoy,* 28 Or App 919, 926-28, 562 P2d 207 (1977).

Husband also argues that the trial court failed to consider his problem with alcoholism and the impact this problem would have on his ability to earn sufficient income to meet his support obligations. Our review of the record did not reveal any testimony that the husband's drinking problem would interfere with his earning capabilities; on the contrary, husband

testified that his problem with alcohol is now under control.

Husband complains that the trial court improperly took into consideration a potential inheritance from his mother. Nothing in the trial judge's opinion suggests this was a pivotal factor in his division of the property, nor would it affect ours. The record does indicate that a $96,000 note husband claims to owe his mother was never intended to be collected by her. We think the trial court's award of spousal support is proper.

■ Husband's second assignment of error is that the trial court erred in ordering the proceeds from the sale of the Tumalo property to be applied to specified debts of the parties, with any excess to be divided equally between them. Husband complains that he should not be responsible for some of these debts of the wife because they were incurred after a *pendente lite* order was entered on September 17, 1976, in which the wife was ordered not to incur further debts for which she would hold husband responsible. Unfortunately, husband neglects to indicate which debts or what amounts were incurred after September 16, 1976. Our *de novo* review suggests that at least some of the bills referred to *were* incurred after entry of the *pendente lite* order. However, while the precise amount of these later incurred obligations is not established, it is clear that, after disregarding two attorneys' fees items which are separately dealt with under assignment of error number three, *infra,* the remaining debts represent a small percentage of the total outstanding obligations. As we stated in *Craig and Craig,* 30 Or App 419, 423, 567 P2d 141 (1977):

> "To engage in minor modifications tends to diminish the stability of circuit court decrees and encourage appeals in hopes the appellate court will make minor adjustments."

While we do not wish to encourage trial judges to modify their own *pendente lite* orders *post hoc,* we are

not persuaded that the trial judge was clearly wrong in doing so here and we decline to modify the trial court's decree with respect to payment of debts.

Husband's third assignment of error is directed at the court's award of costs and attorneys' fees. The wife had retained and then dismissed one attorney, then retained and dismissed another attorney, and finally retained the attorney who represented her at trial. At the time the decree was entered, the charges of the first two were before the trial court, but the bill of the attorney who represented petitioner at trial was not. The trial court ordered that a specific parcel of property be sold and that the proceeds be used, among other things: (1) to pay the specific amounts claimed by petitioner's first two attorneys, (2) to pay whatever unspecified amount was claimed by petitioner's third attorney, and (3) to pay whatever unspecified amount was claimed by respondent's attorney. We hold that the trial court's disposition was in part contrary to statute and in part inequitable.

ORS 107.445 provides:

"* * * [W]ith the decree in any suit to annul or dissolve a marriage * * * the court may make an order awarding to *a party* a sum of money determined to be reasonable as an attorney fee therein. The order shall be entered and docketed as a judgment, and execution may issue thereon in the same manner and with like effect as upon a final decree." (Emphasis added.)

ORS 107.105(1)(h) provides that upon entering a decree of dissolution of marriage the court had the power to enter:

"A judgment *against one party in favor of the other* * * * for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit." (Emphasis added.)

All references to both statutes are to be a "judgment" for attorney fees, presumably to be enforced and collected in the same manner as any other judgment. The trial court did not enter a judgment for attorney fees. It ordered that a certain parcel of property be sold

and the attorneys be paid from the proceeds. That is, it merely directed the method for payment of the fees but it did not, at least with respect to the third attorney, say how much the payment was to be.

■ All references in both statutes are to a judgment for a sum certain. The trial court erred in failing to liquidate the amount husband would be required to pay on account of wife's fees for her third attorney who represented her at trial. Any other approach would necessitate a further hearing which would, in turn, create the possibility of a further appeal. We see no reason to disregard the statutory requirement that attorney fees be liquidated and, in the process, to create the distinct possibility of piecemeal litigation.

■■ In short, we think the statutes mandate that any award of attorney fees be in the nature of a judgment in favor of one party and against the other, and be for a liquidated amount. We now apply these principles to the case before us. In *Craig and Craig, supra,* 30 Or App 419, at 423, we said:

> "* * * [W]e do not set the actual fee the wife will pay [her husband] but only the amount of the husband's contribution. The amount of any contribution is intertwined in the financial considerations of the parties and is in reality in the nature of a property division * * *."

The court must divide the parties' property "as may be just and proper in all the circumstances." ORS 107.105(1)(e). Property includes both assets and liabilities. A just and proper allocation of any debt— particularly a debt incurred by one of the parties after a separation leading to dissolution—includes, in part, consideration of whether it was reasonably incurred. In other words, although one party's contribution toward the other's attorney fees is expressly subject to a statutory "reasonableness" requirement, ORS 107.105(1)(h) and 107.445, allocation of *all* of the party's debts is implicitly subject to the same requirement. ORS 107.105(1)(e).

We therefore reject part of the trial court's reasoning:

> "Persons entitled to rely on the bills being paid [apparently, in context, a reference to wife's attorneys] should not suffer by a finding that the obligations were incurred foolishly or irrationally."

Either a husband or a wife is, of course, free to incur foolish or irrational obligations. And foolishness or prudence would probably be irrelevant to the respective rights and duties as between debtor and creditor. But, upon dissolution of the marriage, those considerations are very relevant to a "just and proper" and/or "reasonable" allocation of responsibility for the debt to one party or the other.

Although the record is unclear, the claims of wife's three attorneys apparently exceed $11,000. This amount appears to us to be substantially in excess of the amount reasonably necessary to accomplish the dissolution. In *Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973), we held an award of attorney fees was excessive and reduced it. Considering the property division and permanent spousal support aspects of the decree, *Craig and Craig, supra,* and guided by *Colbath,* we think it equitable to require husband to contribute $5,000 toward wife's attorney fees, but no more.

Accordingly, we modify the decree as follows: (1) in paragraph 15(a), eliminate the reference to wife's first two attorneys; (2) eliminate paragraphs 15(b) and 15(c); and (3) add a provision awarding wife judgment against husband for $5,000 on account of her attorney fees, with credit for any fees paid *pendente lite.*[1]

Affirmed as modified.

---

[1] The decree also provides:

> "17. * * * Further, the Court retains jurisdiction with respect to completion of matters relating to the Decree, particularly the sale and disposition of the proceeds of sale of the Tumalo property referred to in Paragraph 15 above."

This provision is unnecessary, but harmless. It neither adds to nor detracts from the court's equitable powers.