Argued and submitted June 12, 1981, resubmitted In Banc
March 3, affirmed as modified April 12, 1982

In the Matter of the Marriage of
# HANSON,
*Appellant,*

*and*

# HANSON,
*Respondent.*

## (No. 15-79-09327, CA 19594)

643 P2d 664

Peter C. Kelsay, Cottage Grove, argued the cause and filed the brief for appellant.

Michael R. Genna, Cottage Grove, argued the cause and filed the brief for respondent.

WARDEN, J.

Buttler, J., dissenting.

### WARDEN, J.

Wife appeals from a decree dissolving the 18-year marriage between the parties, contending that she should have been awarded permanent spousal support, more of the marital assets and attorney fees in the trial court.

The dissolution decree awarded wife custody of the parties' two minor children, ages 17 and 14, and required husband to pay $250 per month per child for their support. Personal property was awarded to the party then in possession. Wife was awarded two unimproved lots in California, and title to the family home of the parties, the principal marital asset, was left in both their names as tenants in common. The decree permitted wife to reside in the home so long as she paid the monthly mortgage payments and until the graduation of the younger child from high school, at which time the property was ordered to be sold. The net proceeds derived from the sale, after deducting costs of sale, were to be divided equally between the parties.

We cannot tell whether the trial court intended that the property division be approximately equal, because the court did not indicate what values (which were disputed) it attributed to various items of property. The parties agree, however, that the equity in the home was approximately $39,000 at the time of the hearing. Wife's annual gross income at the time of trial was $18,343; husband's was $34,500. They had accumulated retirement accounts of $7,900 and $10,142, respectively. By husband's estimates of value, and without including the retirement accounts, he received more than half of the parties' personal property and cash assets.

The parties agree that they should be disentangled rather than remain as partners with respect to the ownership of the family home. *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). The parties disagree, however, as to how the disentanglement should be accomplished. Husband suggests that wife be awarded the family home subject to a lien in his favor of approximately $14,000 and conditioned upon her payment of the mortgage payments, taxes and insurance. Wife contends that if she is not to receive spousal support, she should be awarded the home, together with reasonable attorney fees.

In marriages of long duration, such as this one, the award of spousal support is usually appropriate. The disparity of incomes of the parties is material to a determination of whether and how much spousal support will be ordered. *Kitson v. Kitson,* 17 Or App 648, 655, 523 P2d 575, *rev den* (1974). The disparity in the incomes of these parties is substantial. Wife asks that we award her spousal support or award her the home. We award her the home, recognizing that doing so gives her the "long half" of the marital assets, for the following reasons: (1) husband has already received more than half of the personal property assets of the marriage; (2) husband's annual gross income exceeds wife's by more than $16,000; (3) wife needs the home for the continued rearing of the children in a secure and familiar setting; (4) no spousal support is being awarded to wife, although the facts of this case would ordinarily call for an award of some spousal support for at least a period of years; and (5) the parties have agreed that their affairs should be disentangled.

The award of attorney fees in dissolution cases is largely a matter of discretion, *Erpelding v. Erpelding,* 6 Or App 333, 487 P2d 1406 (1971). We find no abuse of discretion here.

The trial court decree is modified to provide that the home of the parties located at 1455 Anthony, Cottage Grove, Lane County, Oregon, be awarded to wife as her sole property.

Affirmed as modified. Costs to appellant.

**BUTTLER, J.,** dissenting.

I dissent because I think this case is a classic one for the award of spousal support — the dissolution of an 18-year marriage where the husband's income has been approximately two-thirds of the income on which the parties lived during marriage. As we said in *Kitson and Kitson,* 17 Or App 648, 655, 523 P2d 575, *rev den* (1974):

"* * * The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. * * * If the wife is employable at an income not overly disproportionate from the standard of living she

enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate."

The trial court denied wife spousal support, because it concluded that wife has a profession, is employed and has a gross income of approximately $18,342. Wife points out, however, that husband's gross income is approximately $34,500 per year and that she helped support the family during the time husband was working for his Master's and Ph. D. degrees, permitting him to obtain the level of employment he now enjoys. It is apparent that wife's income is disproportionately low compared to husband's income and that wife is entitled to some spousal support on a permanent basis. Husband's earning capacity, at least at the present time, is substantially greater than that of wife, and wife helped husband attain his greater earning capacity. The amount which husband should be required to pay is more problematical. Husband is obligated to pay $6,000 per year in child support, which he will not be able to deduct for tax purposes, but which will reduce his income to approximately $28,500 per year and increase wife's income to approximately $24,500 per year, $6,000 of which will not be taxable to her. However, wife's income must support three people. Husband is 44 and wife is 40; both are in good health, are employed and have vested retirement programs. Considering all of the factors set forth in ORS 107.105(1)(c) (amended Or Laws 1981, ch 775, § 1),[1] I

---

[1] ORS 107.105(1)(c) provided:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation it has power further to decree as follows:

"* * * * *

"(c) For the support of a party, in gross or in instalments, or both, such amount of money for such period of time as it may be just and equitable for the other party to contribute. The court may approve, ratify and decree voluntary property settlement agreements providing for contribution to the support of a party. If requested by either party, the court shall make and set forth in its decree the findings of fact upon which its award or denial of

believe wife is entitled to permanent spousal support of $150 per month in order to make her standard of living not overly disproportionate to that which she enjoyed during the marriage. *Kitson and Kitson, supra.*

I agree that the parties should be disentangled rather than remain as partners with respect to the ownership of the family home. *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). To give the wife the property outright makes for a highly unequal division. I would modify the decree to provide that the home property be awarded to wife as her sole property, subject to a judgment lien on that property in favor of husband in the amount of $10,000, together with interest thereon at the rate of 9 percent per annum from the date of the entry of the modified decree, which judgment shall be paid in full within four years from the date of the modified decree.

Thornton and Warren, JJ., join in this dissent.

---

support was based. In making such support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them;

"(H) The need for maintenance, retraining or education to enable the spouse to become employable at suitable work or to enable the spouse to pursue career objectives; and

"(I) Such other matters as the court shall deem relevant."