Argued February 7, reversed with instructions March 13, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
DIETZ, *Respondent, and* DIETZ, *Petitioner.*

533 P2d 783

*George L. Hibbard,* Oregon City, argued the cause for petitioner. With him on the brief were Hibbard, Cardwell, Canning, Bowerman & Schultz, Oregon City.

*Alan R. Jack,* Oregon City, argued the cause for respondent. With him on the brief were Jack, Goodwin & Urbigkeit and Raymond R. Bagley, Jr., Oregon City.

DENECKE, J.

The plaintiff wife appealed to the Court of Appeals from the support and property division portions of her decree of dissolution of marriage. The Court of Appeals awarded the wife a greater percentage of the property and raised the support award. *Dietz and Dietz,* 19 Or App 334, 527 P2d 427 (1974). We granted the husband's petition for review of that portion of the decision increasing the amount of property to be awarded the wife.

According to the valuations fixed by the trial court and the Court of Appeals, the trial court awarded the wife assets valued at $104,000 and awarded the husband assets valued at $218,000, with liabilities of $42,000, a net to the husband of $176,000. The Court of Appeals modified this decree by dividing the 77-acre home farm and awarding the wife 31 acres valued at $36,000, and the husband 45 acres and the buildings, a total value of $92,300. This resulted in each party receiving about one-half of the total property owned by them.

According to income tax returns which were admitted into evidence, the principal income of the husband during the four years before the separation was from his salary and director's fees from the wife's family's bank. When the parties separated the bank released the husband and the wife commenced working and receiving this income. The farming operation showed a net loss each year.

During the pendency of the suit the husband secured a part-time position at another bank which pays approximately $500 per month net. He receives

about $260 per month from another source. His interest in two other businesses which were awarded him in the property division has not as yet yielded any income.

The parties have four children. The Court of Appeals raised the support to be paid for the two minor children, 18 and 12, from $100 per month to $175 per month. Their 18-year-old daughter had been admitted to a state university. In addition to this support obligation of $4,200 per year, the husband is obligated to pay the $42,000 in liabilities earlier mentioned. If he is to accomplish this, he must raise a substantial part of these funds for repayment from farming, as he plans to do. Even though the farm may not be a desirable economic unit, farming it, plus what custom farming the husband can do, is his only immediate hope of commencing to pay his obligations. That his income tax returns show net farm losses for the last few years is not conclusive that his farming does not generate some cash.

During the pendency of the suit the wife received an inheritance from her father consisting of bank stock in a family-held bank and $10,000 in cash which was to be soon forthcoming. Valuations of the bank stock varied from $110,000 to $305,000. The amount of dividends from the bank stock varied. It appears that the dividends annually averaged about 3 per cent of the low valuation.

The Court of Appeals acknowledged that in the past it had stated that assets will be divided between spouses although the assets were inherited by one spouse. *Morgan v. Morgan,* 13 Or App 14, 23, 507 P2d 409 (1973). Nevertheless, without expressing any reason, the court stated in the present case: "We believe

that in the circumstances of this case the inheritance should not be considered in the distribution of the marital assets."

We conclude that under the circumstances present the Court of Appeals erred in holding that the wife's inheritance was not a proper element to be considered in the calculus of a property division "just and proper in all the circumstances." ORS 107.105.

Reversed with instructions to remand the case to the Court of Appeals with instructions to affirm that portion of the decree of the trial court as. it relates to the division of property.