Argued August 20, affirmed September 22, 1975

IN THE MATTER OF THE DISSOLUTION OF THE
MARRIAGE OF HAIR, *Appellant, and* HAIR
(No. D-6118), *Respondent.*

540 P2d 373

*Jon B. Lund,* Beaverton, argued the cause for ap-

pellant. With him on the brief were Robert E. Thompson and Thompson, Adams & Lund, Beaverton.

*Robert P. Bell,* Beaverton, argued the cause for respondent. With him on the brief were Arthur L. Tarlow and Myatt, Bolliger & Tarlow, P. C., Beaverton.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

This case involves the dissolution of a 30-year marriage. The wife appeals the trial court decree on two issues: (1) whether the equity in the parties' house of about $20,000 should be evenly divided between the parties or awarded entirely to her, and (2) whether her support should be limited to $375 per month for two years as decreed or made permanent.

The parties agreed on a division of personal property, automobiles and insurance. The trial court awarded to the husband his recently established advertising business worth between $2,000 and $3,000, his $600 bank account, and a special account which contained about $6,000 remaining in a pension fund from the husband's former employer. He currently earns $1,080 per month after taxes. At the time of the trial the wife had received a decree of distribution notifying her of an inheritance of about $7,000.

In *Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975), the Supreme Court held than an inheritance received by one party during pendency of the suit was to be considered in the making of a property settlement. Based thereon, we conclude that the property settlement here was equitable.

■ On the question of support, the evidence showed that there are no minor children, that the wife worked for five of the 30 years of the marriage, and that she may need some further training to be employable as a secretary. The trial court found her to be physically able to work. She and a partner are involved in developing a new business furnishing tapes of dance music to ice-skating rinks.

We think the trial court's award of $375 per month for two years was proper. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974).

Affirmed. No costs to either party.