Argued July 22, affirmed August 16, reconsideration denied September 22,
petition for review denied October 12, 1976

# In the Matter of the Dissolution of the Marriage of
## RINEHART, *Respondent,*
### *and*
## RINEHART, *Appellant.*
### (No. 91142, CA 6130)
552 P2d 1346

*Bruce W. Williams, P.C.,* Salem, argued the cause and filed the brief for appellant.

*Sam F. Speerstra,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The husband appeals from the property division provisions of the trial court's decree dissolving the marriage of the parties. He contends that the trial court erred: (1) in assigning a value to the husband's one-half interest in his mother's home which is subject to her life estate; (2) in requiring him to maintain a trust for the education of the parties' two children; (3) in not specifically delineating which items of personal property would go to each party; and (4) in awarding the family home to the wife.

The parties were married in 1952. They have two daughters, one age 21, the other age 17. The husband is 48 years of age. For the past four years he has been a private consultant and independent contractor of education programs. Last year he had a gross income of $22,000 to $24,000. The wife is 45 years of age. She has taught school during the entire period of the marriage except for the brief absences necessitated by the birth of the two children.

In support of his first contention, the husband argues that his one-half interest in his 86-year-old mother's home is of no ascertainable value since it is subject to her life estate and she is still alive. He claims that since he cannot presently enjoy the home it is of little or no value. We disagree. The remainder is a vested interest and is certainly a valuable asset, although it may be difficult to place an exact value on it. The mother's home is worth at least $45,000 and the husband's one-half interest, even reduced by the mother's life estate, is worth at the very least $10,000. Even attaching such a conservative value to the husband's interest in the mother's home, we cannot say that the property division ordered by the trial court was unfair.

Next, we are not persuaded by the husband's arguments that he should not be required to maintain the trust for the education of the children. It is true that he has exhibited great generosity for the children in

the past and will in all likelihood continue to do so. Nevertheless prudence dictates that the trust should continue and be carried out according to its terms and conditions as the decree provided.

■ Also regarding the trust, the husband argues that it was error for the court below to order that the corpus of the trust be divided between the parties upon its termination since a portion of the assets which comprise the trust were received from the husband's mother. In *Dietz and Dietz,* 271 Or 445, 448, 533 P2d 783 (1975), our Supreme Court said that under ORS 107.105 a wife's inheritance was "a proper element to be considered in the calculus of a property division 'just and proper in all the circumstances.' " The same rule applies here. *Accord: Hair and Hair,* 22 Or App 619, 540 P2d 373 (1975); *Morgan v. Morgan,* 13 Or App 14, 507 P2d 409, Sup Ct *review denied* (1973). Accordingly, the trust assets, even though they were received from the husband's mother, are assets of the marriage. We agree with the trial judge that an equal division of the residue upon dissolution of the trust is proper under the facts here.

■ The husband next contends that the trial court erred in not specifically delineating which items of personal property should be awarded to each party. Instead, the trial court heard testimony that the husband had removed certain items from the home and had been given others after requesting the same from the wife. The court then awarded each party the items which each had in his possession at the time of the hearing. Such a disposition was both fair and required by the time restrictions placed on domestic relations courts by their heavy case loads. It is often one of the unavoidable accompaniments of dissolutions that each party must give up certain items acquired during the marriage for which he or she has great sentimental feelings.

■ Lastly, we conclude that the husband's contention that he should have been awarded one-half of the

equity in the family home cannot be sustained. The disposition ordered by the trial court in which the wife received the home was fair and equitable.

Affirmed. Costs to neither party.