Argued July 22, affirmed August 16, 1976

# In the Matter of the Dissolution of the Marriage of
## LARSON, *Respondent,*
### *and*
## LARSON, *Appellant.*
### (No. 420-125, CA 6181)
#### 552 P2d 1344

*Robert A. Bennett,* Portland, argued the cause for appellant. With him on the brief were Willner, Bennett, Riggs & Skarstad, Portland.

*Merrill G. Emerick,* Portland, argued the cause for respondent. With him on the brief were Phillips, Coughlin, Buell, Stoloff & Black, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

## LANGTRY, J.

Husband appeals from the property division aspects of a marriage-dissolution decree. The parties were married for almost eight years, being separated the last two years. They have two children, aged six and three years. Husband had inherited property from his parents, and because the decree roughly divided its value between the parties, he challenges it, contending he should be awarded a larger share. It is conceded that this property is subject to such a decree, however. *Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975).

Wife was given custody of the children and husband was ordered to pay $75 per month support for each—a sum which does not fully pay the cost. Wife has no working skills, but is attending a two-year college course to gain a marketable skill. Husband was required to pay $100 per month for two years toward her support—again, less than the cost thereof. The property awarded her will not earn a sufficient income to make up the difference and she will have to sell some or all of it to meet living expenses while she is finishing her schooling. The court's decree anticipated her requirements. Our review of the record convinces us the decree is "just and proper" under the circumstances. ORS 107.105.

Affirmed. Costs to neither party.