Argued September 23, affirmed as modified, no costs to either party
November 1, 1976

In the Matter of the Marriage of
HIX, *Appellant,*
*and*
HIX, *Respondent.*
(No. 410-467, CA 6231)

555 P2d 811

*Theodore S. Bloom,* Portland, argued the cause for appellant. With him on the brief was Thomas J. Barnett, Portland.

*Ira L. Gottlieb,* Portland, argued the cause and filed the brief for respondent,

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

## FORT, J.

The husband appeals from the property division and spousal support provisions of a decree dissolving the 24-year marriage of the parties.

The court awarded to each party his or her own pension rights, one-half of the parties' stocks (total value $1,784), and one-half of the parties' tax refund. The wife was awarded the family residence valued at $35,000 but subject to an $8,000 mortgage which she was required to assume, an automobile ($2,300), and household furnishings ($2,000). The husband was awarded his inheritance, the tools of his trade ($1,500), and an automobile ($500), and was required to assume marital debts totaling at least $4,195, which includes a $4,000 note to his father. The court also required the husband to pay spousal support of $200 per month until the wife's death or remarriage, and to maintain life insurance in the amount of $20,000 with the wife named as beneficiary so long as he is obligated to make such spousal support payments.

At the time of the decree, the parties were 47 years old and their three children were emancipated. The husband is a truck mechanic, whose gross income in 1974 was $15,736 from wages and $450 from another source. At age 58 he will be entitled to retirement fund benefits from his union, and he will be entitled to social security at the eligibility age. He anticipated that the retirement benefits would be between $200 and $300 per month and that he would, if he continued working, receive almost the maximum social security. During the marriage he inherited from his mother a one-sixth interest in a ranch, subject to a life estate in his father. The property is under a long-term lease from which the husband will receive no rental income during his father's life. Expert testimony fixed the present value of the husband's interest at $27,000. Its current marketability, however, would seem as a minority interest to be doubtful.

The wife is a secretary. She earned a gross income

of $6,816.64 in 1974. Upon retirement at age 65 she will receive retirement benefits of $3,100 per year and may be eligible to receive a portion of the husband's social security. As a result of her job, their youngest daughter, who lives with her mother, will be eligible for a $2,000 per year tuition remission at the college where the mother is employed, if admitted. The wife had surgery for cancer in 1961 and has had several follow-up operations. She has been advised by her physician to avoid overfatigue and stress. Her allergy to cigarette smoke further limits where she can work.

We conclude that the division of property made by the trial court was just and proper under the circumstances. ORS 107.105(1)(e). The husband concedes that property inherited by one spouse during the marriage may properly be subject to a marriage dissolution decree. *Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975). However, he contends that in light of his inability to sell his interest or receive rental income from the property prior to his father's death, the practical value of his inheritance is less than the appraised value. In *Rinehart and Rinehart,* 26 Or App 513, 552 P2d 1346 (1976), we rejected the argument that inherited property has no actual value if it cannot presently be enjoyed by the heir.

The husband further contends that the award of permanent spousal support of $200 per month is unwarranted because the wife can (1) decrease her expenses by moving to an apartment and acquiring a less expensive automobile, and (2) increase her income by selling the family residence and investing the proceeds, and by taking a higher paying job. The wife argues that she prefers to live in the house and prefers her present job because it will allow her daughter to obtain a tuition remission and it is within her physical limitations. Balancing the wife's options against her limitations, and considering all the circumstances, we conclude that the husband be required to pay spousal

support of $150 per month until the wife's death or remarriage.

Affirmed as modified. No costs to either party.