Argued December 16, 1976, modified and affirmed January 17, 1977

In the Matter of the Dissolution of the Marriage of
MacNAB, *Appellant,*
*and*
MacNAB, *Respondent, Cross-Appellant.*
(No. 89652, CA 6453)
558 P2d 1293

J. Phillip Parks, Salem, argued the cause for appellant. On the brief were Miller, Beck & Parks, Salem.

Gregory L. Decker, Albany, argued the cause for

respondent, cross-appellant. On the brief were Emmons, Kyle, Kropp & Kryger, and J. David Kryger, Albany.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

FORT, J.

SCHWAB, C. J., dissenting.

**FORT, J.**

The parties, married for 11 years with two children, 10 and 6, obtained a decree of dissolution. Wife appeals, challenging the property division and support order. Husband cross-appeals. Although the cross-appeal is from the whole decree, it is clear from the briefs and the evidence that there is no dispute over custody of the children, given to the mother, nor of the support award of $175 per month per child to her.

Both parties are employed full time, but husband grosses more than three times as much per month as wife. She is 35, he 38. Wife brought $6,300 in cash into the marriage. Half of it, together with a $5,000 gift from her father at about the same time, made the down payment on their home, which cost $18,000. The remaining half of wife's money purchased a new car, here given husband, and paid for the Caesarean operation incurred in the birth of the first child. There was a mortgage securing a loan of $10,000 for the balance due for purchase of the home, also borrowed from wife's parents, bearing interest at 5 per cent per annum, upon which, with other notes later borrowed from them, there is a current balance due of about $3,800. The equity in the home now is estimated to be about $21,000. The other principal asset is the accumulated retirement fund payments standing to the credit of the husband in the amount of about $6,300. If he leaves his job he can draw this out. If not, upon retirement the amount standing then in his account is doubled by the employer and becomes a retirement annuity. His annual contribution to the fund, which is mandatory, now averages about $1,000 per year. The court ordered that the house be awarded one-half to each, wife to have the right to live in it until the children come of age, but to assume the full mortgage, taxes and all maintenance and upkeep. Husband also is the owner of life insurance on his own life, having a cash surrender value of $4,100; and wife the owner of one on her life having a cash surrender

value of $390. Each received one car. Wife's car, subject to an $800 debt, had an equity perhaps $800 to $1,000 more than husband's. Wife received virtually all the household furnishings. Lastly, the court awarded wife $75 per month support for 12 months.

■ The parties recognize the rule that the amount and source of contributions brought by each into the marriage are not controlling of their distribution upon dissolution. ORS 107.105(1)(e); *Johnson v. Johnson,* 245 Or 10, 15-16, 419 P2d 28 (1966); *Flanagan v. Flanagan,* 188 Or 126, 213 P2d 801 (1950). As in determining spousal support, such is but one of the factors to be considered. *Siebert v. Siebert,* 184 Or 496, 199 P2d 659 (1948); *Flanagan v. Flanagan, supra* at 145-46; *Vetter and Vetter,* 16 Or App 634, 520 P2d 364 (1974).

■ From the facts set forth above, it is clear that all of the money, including the $10,000 loan, used to buy the home following the marriage, was furnished by wife or by her parents. The sole contribution to the purchase of the home by the husband was in the form of the payments on the mortgage, upon which there remains in excess of $3,000 due. In addition, as stated above, the 1966 Buick awarded to him was paid for in its entirety from funds of wife acquired before marriage. We think it is proper here to give to these facts significant weight in the decree. Accordingly, we conclude that husband should be required to assume the full amount of the real estate mortgage payments and other family indebtedness due wife's parents as of the date of the decree, such payments to be made at the rate of $100 per month, including interest, beginning with the month after the due date of the final support payment now payable to wife under the decree. Otherwise we are in agreement with the remaining provisions of the decree.

Affirmed as modified. Costs to neither party.

**SCHWAB, C. J.,** dissenting.

I would affirm the decree of the trial judge in its entirety.