Argued February 22, affirmed as modified April 11, reconsideration denied May 5, petition for review allowed June 1, 1977

In the Matter of the Dissolution of the Marriage of
COOK, *Appellant,*
*and*
COOK, *Respondent.*
(No. 93396, CA 6654)

562 P2d 601

Theodore S. Bloom, Portland, argued the cause for appellant. With him on the brief was Bloom, Chaivoe, Ruben, Marandas & Berg, Portland.

Donald B. Bowerman, Oregon City, argued the cause for respondent. With him on the brief were

George L. Hibbard and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Schwab, Chief Judge, and Thornton and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The wife appeals a decree of dissolution. The parties were married 11 years and have two children, ages 5 and 7. The wife is 32 and the husband 33 and both are in good health. The wife has secretarial skills, but has not been employed for eight years. The husband is employed by a sand and gravel company at a gross salary in excess of $35,000. In addition, the husband owns in trust stock in three sand and gravel companies including his employer from which he receives annual dividends of about $34,000 subject to an annual obligation of $1,898.50 which is a lifetime annuity for the benefit of his mother.

The wife makes three assignments of error contesting the lower court's division of property and the provisions for child and spousal support. In addition, she challenges the lower court's provisions relating to visitation.

■ The division of property was as follows:

### Property Awarded to the Wife

|  | Wife's Evaluation | Husband's Evaluation |
| --- | --- | --- |
| Residence | $ 19,813 | $ 29,813 |
| Miscellaneous personal property | 3,500 | 10,600 |
|  | $ 23,313 | $ 40,413 |

In addition the wife was awarded a non-interest bearing judgment in the amount of $80,000 payable in an initial installment of $5,000 and thereafter at $625 per month for ten years.

### Property Awarded to the Husband

| | Wife's Evaluation | Husband's Evaluation |
|---|---|---|
| Interest in recreational cabin | $ 11,900 | $ 10,000 |
| Miscellaneous personal property | 4,670 | 4,070 |
| Cash | 3,000 | 3,000 |
| Pension and profit sharing fund | 10,775 | 10,775 |
| Stock and cash owned in trust | 444,608 | 320,608 |
| Stock held by Merrill Lynch | 132 | 132 |
| | $475,085 | $348,585 |

The stock and cash are held by the husband in a revocable trust. For all practical purposes the trust assets were acquired by the husband by way of gift from his mother and he has complete ownership and control subject only to the mother's annuity. The stock is in three closely held corporations. The other stockholders are either members or close associates of the husband's family. The trust properties were not acquired as the result of any effort of either party during the marriage, but were in effect an inheritance of the husband. Under Oregon law the property is part of the marital estate and division is determined by what is "just and proper in all the circumstances." ORS 107.105(1)(e). *Rinehart and Rinehart,* 26 Or App 513, 552 P2d 1346, Sup Ct *review denied* (1976). The fact that the property is received by inheritance is only a circumstance to be considered by the court in determining an equitable division. *Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975); *Rinehart and Rinehart, supra; Hardenburger and Hardenburger,* 18 Or App 267, 525 P2d 179, Sup Ct *review denied* (1974). In this case, considering that the stock was the husband's inheritance, the closely held nature of the corporations, the length of the marriage and other circumstances, it was appropriate for the trial court to award the trust assets to the husband. The trial court

apparently decided, in lieu of dividing the trust assets or providing spousal support, to award the wife the $80,000 judgment and thereby afford her a ten year guaranteed annuity. This was a just and proper division of property interests (ORS 107.105(1)(e)) and is consistent with the principles for awarding spousal support set down in *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974).

The trial court also provided in its decree as follows:

"* * * * *

"Respondent shall pay to wife for her support the sum of $450 per month commencing with the month of August, 1976. Said sum to decrease in the amount of $150 per month in the following events:

"(a)    Remarriage of petitioner;

"(b)    A child reaching majority by age, emancipation or becoming self-supporting;

"(c)    Respondent's obligation of support in any event to completely terminate upon the youngest child reaching his, or her majority."

While the provision states that the $450 per month is for the wife's support, it is clear that the purpose of the provision is to provide child support. During oral argument counsel for the husband explained that the reason for the curious terminology was to make the payments tax deductible to the husband. Under both federal and state income tax laws, spousal support is deductible whereas child support is not. It is clear that the sole purpose of the provision is child support and a court should be wary of becoming a party to a tax avoidance scheme of questionable validity, particularly where it may affect the rights of minor children. Furthermore, considering the husband's annual income of $69,000 the sum is inadequate. The decree should be amended as follows:

Commencing May 1, 1977, in lieu of the payments required under paragraph 7 of the decree, on or before the 1st day of each month, Respondent shall pay to the Department of Human Resources,

Support Enforcement Division, PO Box 2506, Salem, Oregon 97310, by certified or cashier's check, to be paid by it to Petitioner, for the care, support, maintenance and education of the parties' children, the sum of $300 per month per child (a total of $600 per month) until such child reaches his or her majority, marries or becomes emancipated, whichever first occurs. However, such support shall continue until 21 as to any child who pursues his or her education during that time.

■ The court provided for visitation by the husband as follows:

"* * * [R]espondent shall be entitled to have the children every other weekend from 6:30 p.m. Friday evening until 6:30 p.m. Sunday evening; on alternate weeks he should be allowed to have the children in his custody at least one evening from 5:00 p.m. to 10:00 p.m. Petitioner and respondent shall share holidays and the respondent shall be entilted [sic] to have the children six weeks during the months of June, July and August of each year. * * *"

The trial court concluded that the specificity in the decree was required because there had been considerable prior dispute between the parties over visitation and on occasion the wife had refused visitation and maintained an unlisted phone number. Under the circumstances the provisions appear reasonable.

Affirmed as modified. Costs to appellant.