BUTTLER, J.
Wife appeals from the property division incorporated in a dissolution decree, her principal contention being that she should have been awarded the family home.
The marriage was one of relatively long duration, 26 years, and the assets of the parties were substantial, aggregating approximately $440,000. Most of the assets, however, were acquired either directly or indirectly as a result of gift or inheritance from wife’s family. Wife contends that assets received from her family should go to her, and that only assets acquired by her and husband independently should be divided.
The trial court did not agree. It took into consideration the source of the assets, but did not award to wife all of the inherited assets, nor did it attempt to divide all assets equally. While there is disagreement as to the value of the total value of assets awarded to each, under a fair reading of the record, husband was awarded assets amounting to approximately $100,000 in value, and wife was awarded assets amounting to approximately $340,000. This award reflected a recognition of husband’s valuable contribution to the assets of the parties through his employment and efforts. We think the trial court’s approach, in general, was equitable. We have said that inherited property "is part of the marital estate and division is determined by what is 'just and proper in all the circumstances.’ ORS 107.105(l)(e)” and that "[t]he fact that the property is received by inheritance is only a circumstance to be considered by the court in determining an equitable division.” Cook and Cook, 29 Or App 171, 174, 562 P2d 601 (1977), citing Dietz and Dietz, 271 Or 445, 533 P2d 783 (1975); Rinehart and Rinehart, 26 Or App 513, 552 P2d 1346, rev den (1976); Hardenburger and Hardenburger, 18 Or App 267, 525 P2d 179, rev den (1974).
*[1276] However, the family residence was built by the parties on 2V2 acres of land given them by wife’s grandmother in 1966, which was part of approximately 180 acres owned by the grandmother. The balance of that land was inherited by wife on her grandmother’s death. The trial court awarded the house and site to husband, and the remaining land to wife. Wife has sentimental attachment to the homesite because she lived there as a child, and we think this factor should be taken into account. Additionally, a bam on the homesite has been used by cattle, which the trial court awarded to wife along with the land on which they graze. We think it more appropriate to keep the entire 180 acres in one ownership.
Accordingly, the decree should be modified to award the family residence to wife, and to award an amount of money to husband approximately equal in value to the equity in the home. From our review of the record, we think an equitable amount to be awarded husband is $55,000 less the balance due on the mortgage as of the date of entry of the modified decree. Wife shall assume and agree to pay the existing mortgage, and shall hold husband harmless therefrom.
Affirmed as modified. Costs to neither party.