# In the Matter of the Dissolution of the Marriage of
## COOK, *Respondent,*
### *and*
## COOK, *Petitioner.*
(No. 93396, SC 25249)

572 P2d 312

George L. Hibbard, of Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City, argued the cause for petitioner. With him on the briefs was Donald R. Bowerman, Oregon City.

Theodore S. Bloom, of Bloom, Chaivoe, Ruben, Marandas & Berg, Portland, argued the cause and filed the brief for respondent.

DENECKE, C. J.

**DENECKE, C. J.**

The husband-petitioner challenges three changes the Court of Appeals made in the support provisions of a dissolution decree. 29 Or App 171, 562 P2d 601 (1977).

We granted the petition for review and modify the decision of the Court of Appeals.

The parties had children ages three and five at the date of the decree. There was no express provision for child support in the decree. The trial court's decree provided that the husband was to pay "to wife for her support" $450 per month. "Said sum to decrease in the amount of $150 per month in the following events: (a) Remarriage of petitioner; (b) A child reaching majority by age, emancipation, or becoming self-supporting; (c) Respondent's obligation of support in any event to completely terminate upon the youngest child reaching his, or her majority."

The Court of Appeals raised the amount payable to $600 per month and fashioned a decree providing that the payments were for the support of the two children and not for the wife. The Court of Appeals made the change because of its opinion that the trial court decree was "a tax avoidance scheme of questionable validity." Neither party had requested the change.

The husband does not contest the increase in amount, but vigorously contests the change from an obligation to pay spousal support to an obligation to pay child support. The reason for the concern of the husband is the income tax consequences of the change. Spousal support payments are tax deductions for the payor and taxable income for the payee. Child support payments are not deductible by the payor and are not taxable income for the payee.

It is apparent from the provisions of the decree that at least a portion of the monthly payments was intended for the support of the children. However, the

United States Supreme Court has held that under the federal income tax laws, support decrees such as this are to be considered as providing for spousal and not for child support. *Commissioner v. Lester,* 366 US 299, 81 S Ct 1343, 6 L Ed2d 306 (1961). In *Lester,* the decree incorporated the provisions of an agreement of the parties. It provided for support payments to the wife, and did not expressly provide for support for the children. It provided that in the event any of the three children married, was emancipated or died, the payments would be reduced by one-sixth. The Court held the entire payment must be considered spousal support and a proper deduction for the husband. The Court interpreted the statute to mean: "The agreement [decree] must expressly specify or 'fix' a sum certain or percentage of the payment for child support" before the payments are not deductible as spousal support. 366 US at 303.

Because we are reviewing a dissolution decree and not interpreting a federal income tax statute, we are not bound by *Commissioner v. Lester, supra* (366 US 299). There is no reason, however, to change the form of the trial court's decree. The husband is in a substantially higher income tax bracket than the wife; therefore, the change made by the Court of Appeals would increase the amount of the total income taxes payable by the parties, — a result *Lester* held was not required by the tax statute — and would decrease the combined net income after taxes of the two parties.

The wife requests, in the event we change the support back to a form of spousal support, that the court increase the amount to offset the increased income tax the wife will have to pay because of the change. Because of potential changes in the wife's income and consequently in her income tax liability and because of potential changes in tax legislation, any change we make would only temporarily accomplish what the wife desires, and we decline to make such change.

Because the amount of support was raised, the trial court's decree should be changed to provide that the sum payable is to decrease in the amount of $200 per month whenever events (a) or (b) in the trial court's decree occur and all payments shall cease upon the occurrence of (c).

Without any request of the parties, the Court of Appeals changed the trial court's decree by providing that the monthly payments were to be made to the Department of Human Resources, in Salem. ORS 23.765 provides for such place of payment; however, ORS 23.767 provides the county can elect to be the place of payment and Clackamas County, the county in which the proceedings occurred, has so elected. The payments should be made to Clackamas County as both parties desire.[1]

The Court of Appeals also changed the decree to provide for continued support payments to the children after 18 if the children were attending school. With the decree being changed to provide for spousal support, this provision is now inappropriate.

The decree of the Court of Appeals is modified and the case is remanded to the trial court with instructions to reinstate the decree of the trial court except that the monthly amount payable shall be $600 and the reduction in the event of the occurrence of either (a) or (b) shall be $200. Costs to neither party.

---

[1]The parties can elect a different method of payment. Ch 216, Oregon Laws 1977.