In the Matter of the Marriage of
PULLEN, *Appellant/Cross-Respondent,*
*and*
PULLEN, *Respondent/Cross-Appellant.*
(No. D7705-06474, CA 10674)

589 P2d 1145

Norman J. Wiener, Portland, argued the cause for appellant/cross-respondent. With him on the briefs were Peter C. Richter, James N. Westwood, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Ralph L. Bolliger, Beaverton, argued the cause for respondent/cross-appellant. With him on the brief were Arthur L. Tarlow and Bolliger, Hampton & Tarlow, P. C., Beaverton.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

In this appeal from the property division provisions of a dissolution decree, wife contends that the trial court's order requiring her to pay husband $48,000 is inequitable and unconstitutional. Husband cross-appeals, contending that he should have been awarded approximately half of the total property owned by the parties.

The parties were married for eight years and have two children, ages 3 and 6. Husband, age 31, has been employed for several years as assistant branch manager of a major bank with an annual salary of slightly over $15,000. Wife is 32, has a college education, and has not been employed since the parties were married in 1969. Both are in good health. The parties' income was supplemented by substantial gifts and loans from wife's parents. In 1976, wife received a portfolio of securities as beneficiary of a trust established by her parents in 1959. The securities yield approximately $30,000 in dividends annually, and at time of trial, they were valued at $338,000. Husband brought no separate assets of substantial value into the marriage and had none at the time of trial.

The parties separated in 1977, and the dissolution of their marriage became final a year later. The dissolution decree awarded custody of the two children to wife and ordered husband to pay $30 a month in child support and to maintain life insurance policies with the children as beneficiaries. There was no provision for spousal support. The residence, with an equity of approximately $28,000, was awarded to wife.[1] Wife retained her securities, subject to a judgment in favor of husband for $48,000 which may require wife to liquidate a portion of her securities.

Wife contends that the trial court's division of the parties' assets was not "just and proper," ORS

---

[1] The decree also distributed other marital assets and liabilities, but the issues do not require us to set out those provisions.

107.105(1)(e), and also that an award to husband out of her separate property is unconstitutional under the circumstances of this case. She argues that ORS 107.105(1)(e) is unconstitutional insofar as it allows an award of her separate property to husband because such award would not advance any legitimate public purpose. We discuss the constitutional question first.

ORS 107.105(1)(e) sets out the court's authority to divide the parties' property in the dissolution decree. It provides in pertinent part:

> "Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:
>
> "* * * * *
>
> "(e) For the division or other disposition between the parties of the real or personal property, or both, of *either* or both of the parties as may be just and proper in all the circumstances. * * *" (Emphasis supplied.)

The cases recognize that separately owned property received by one spouse as a gift may be included in formulating a property division, *Dietz and Dietz,* 271 Or 445, 447-48, 533 P2d 783 (1975); *Beers and Beers,* 31 Or App 1273, 1275, 572 P2d 364 (1977). The source of the separate property is a relevant but not controlling factor to be considered in making an equitable property division. *Cook and Cook,* 29 Or App 171, 174, 562 P2d 601 (1977); *MacNab and MacNab,* 28 Or App 231, 234, 558 P2d 1293 (1973).

Wife's constitutional argument is essentially this: Under the Due Process Clause of the Fourteenth Amendment, the state, in the exercise of its "police power," may divest a person of property only if that divestment bears a reasonable relationship to the achievement of the public purposes which underlie the grant of authority. She asserts that the purposes of ORS 107.105(1)(e), permitting the dissolution decree to award separate property on one spouse to another, are to insure that support obligations are fulfilled, that the parties are self-sufficient, and that contributions to marital assets are repaid. Here, wife argues,

husband is self-sufficient, his support obligation is minimal, and he made no contribution to the value of the property in question. Therefore, wife argues, ORS 107.105(1)(e), though constitutional on its face, violates what she calls her "substantive due process rights" as applied to the circumstances of this case because it serves no public purpose.

Both the constitutional analysis and the statutory construction urged by wife are fallacious. The term "police power"—if it has any legal significance at all, *see* Linde, *Without Due Process,* 49 Or L Rev 125, 146-58 (1970)—refers to the inherent plenary power of the state, which is subject only to specific constitutional restrictions. *Bowden v. Davis,* 205 Or 421, 433-34, 289 P2d 1100 (1955); Linde, 49 Or L Rev at 146-58. Therefore, the constitutional question is whether the application of the statute in this case violates substantive protections of the Due Process Clause of the Fourteenth Amendment to the federal constitution. The United States Supreme Court abandoned the practice of invalidating state social welfare laws on substantive due process grounds over 40 years ago, *see, Williamson v. Lee Optical Co.,* 348 US 483, 488, 75 S Ct 461, 99 L Ed 563 (1955), and we have followed that lead, *American Can Co. v. OLCC,* 15 Or App 618, 517 P2d 691 (1973) *rev den* (1974); Linde, 49 Or L Rev at 159-60, 163-66. Since then four members of the United States Supreme Court have indicated their willingness to resurrect the doctrine. *Moore v. East Cleveland,* 431 US 494, 500-502, 97 S Ct 1932, 52 L Ed 2d 531, 538-39 (1977). In any event, however, the doctrine has no effect here because a legitimate public purpose is evident.

Wife's constitutional argument is fallacious in that it assumes that the public purposes of the state function of property division in cases of marriage termination can be listed inclusively, precisely articulated and mathematically applied. Certainly her reference to assurance of the spouses' future self-sufficiency as a public purpose is an acknowledgement

that generality is required. Similarly, this court has recognized as an underlying rationale for property division the goal of placing the parting spouses in the same economic position they would enjoy had there been no dissolution, insofar as circumstances and other equitable considerations permit. *Wirthlin and Wirthlin,* 19 Or App 256, 259, 527 P2d 147 (1974). Whatever precision is possible comes from case-by-case application of the statutory phrase "just and proper in all the circumstances." Either formulation, the wife's or this court's, acknowledges the socio-economic interest of the public that spouses be able to leave a marriage and commence a new life with the resources to do so. Thus an equitable award of separately owned property of one spouse to another does not exceed or violate public interest.

■ Here, the award was equitable. Wife's gross income from the securities she received in 1976 was nearly twice her husband's salary, and her income contributed significantly to their standard of living. The dissolution decree awarded her net assets worth over $300,000, including the parties' residence, while husband received net assets worth approximately $60,000. Obviously, the trial court's property division accounted for the source of securities and the fact that wife must use the dividends from the securities to support herself and the children.

■ Although this court's review is de novo and we must exercise independent judgment based on our own review of the record, our role is not to substitute our preferences for those of the lower court. We will not modify a property division unless we are convinced that we can make a significantly preferable disposition than that made by the trial court. *McCoy and McCoy,* 28 Or App 919, 926-28, 562 P2d 207 (1977). The trial court's division reflects a consideration of the needs of the parties, the standard of living to which they had become accustomed, and the source of the parties' assets. We have no reason to modify it.

■ Husband's cross-appeal seeks an approximately equal division of the parties' assets. Both the source of the securities and the wife's reliance on them for income to support herself and the children provide ample justification for awarding her the larger share of the parties' assets.

Affirmed. No costs to either party.