Argued August 31, affirmed as modified November 5, 1979

In the Matter of the Marriage of
BODEEN,
*Respondent,*
*and*
BODEEN,
*Appellant.*
(No. 34837, CA 13221)
602 P2d 336

Richard D. Gatti, Salem, argued the cause for appellant. With him on the brief was Gatti & Gatti, P.C., Salem.

Gary A. Rueter, McMinnville, argued the cause for respondent. With him on the brief was Marsh, Marsh, Saugeberg & Rueter, P.C., McMinnville.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal by husband from a dissolution of marriage decree in which wife was awarded real property which she had inherited during the marriage and seventeen years prior to the dissolution. We modify the decree to award husband a portion of the property.

Husband and wife, now aged 49 and 46 respectively, were married for 28 years. They had three children, all of whom are emancipated. Two years after the parties were married husband began sharecropping a parcel of land of approximately 1,000 acres owned by wife's father and uncle. Six years later the farm was divided into two parcels, wife's father receiving approximately 360 acres and wife's uncle 640 acres. In 1961, three years after the partition, the uncle died and wife inherited his portion of the property. The parties built a home on the property and lived there together until wife moved into town prior to the dissolution. Husband was residing on the property and farming it at the time of the dissolution.

Husband is able to earn approximately $10,000 in annual net disposable income from the farming operation. He will have no retirement benefits and has no disability insurance. Wife works as a dental assistant, earning $850 per month and has fringe benefits consisting of a retirement plan, life insurance and free dental services.

The decree awarded husband personal property, cattle, crops and farm equipment valued at $124,923 by husband's calculations. He was also awarded a 15 year estate in 400 acres of the property on which are located the residence and other buildings, and the farming and cattle operations which included all the cattle and crops, growing and in storage. Husband is required to pay any indebtedness on the property and the farming operation for the 15 year period. Wife's calculations, which include $150,000 for the 15 year estate and $63,000 for the rental value of the residence for 15 years, show husband receiving $319,923 of the

assets. The remaining 240 acres are in a separate tax lot and consist of regrowth timber and scrub oak. Wife was awarded the remaining assets, which include the 240 acres and the 400 acres, subject to husband's 15 year interest, and a judgment against husband for $15,000, which, according to husband's calculations, totaled $782,000, and according to wife's calculations, the value of which totaled $702,000.

The court summed up the situation of the parties in a letter opinion dated December 21, 1978 as follows:
"* * * * *

"The court does not view the real property as a product of the marital enterprise but rather as a fortutious happenstance by reason of a close family relationship. Nonetheless, the court feels that consideration to the value of the property should be given in making disposition of the assets. In making such disposition the court is not unmindful of petitioner's desire to retain the property within her family. This desire is buttressed by the fact that at least part of the property has been owned by the family for over 100 years and by the manner in which it was devised by petitioner's uncle and father.

"On the other hand, for over 28 years respondent has known no other life than that of a farmer upon the 400 acre tract. Were he to have nothing more than the farm equipment and livestock it would be necessary for him to either purchase or rent other property in order to make use of this personal property.

"Petitioner suggests that respondent receive all the personal property, with the exception of her car and household goods and furnishings in her possession, together with the sum of $50,000 which would be obtained by means of a mortgage loan upon the real premises. It is here noted that petitioner is apparently not interested in living upon the property or attempting to farm it herself.

"Respondent suggested that he have the 240 acres of timber land together with the Chevrolet truck, D-6 Caterpillar, Buick automobile, the livestock, crops

and household goods and furnishings now in his possession.

"* * * * *."

In *Pullen and Pullen,* 38 Or App 137, 140, 589 P2d 145 *rev den* (1979), we said

"The cases recognize that separately owned property received by one spouse as a gift may be included in formulating a property division, *Dietz and Dietz,* 271 Or 445, 447-48, 533 P2d 783 (1975); *Beers and Beers,* 31 Or App 1273, 1275, 572 P2d 364 (1977). The source of the separate property is a relevant but not controlling factor to be considered in making an equitable property division. *Cook and Cook,* 29 Or App 171, 174, 562 P2d 601 (1977); *MacNab and MacNab,* 28 Or App 231, 234, 558 P2d 1293 (1973)."

It is obvious that the court, in awarding husband a 5 year interest, was mindful of husband's contribution to the property and his need for an income, as well as wife's desire that the property remain in her family. However, two important factors should be taken into account. First, husband's interest will terminate at approximately the time he reaches the age of 65, which could pose a multitude of serious problems for him, not the least of which would be financial. The evidence indicates the farm operation does not produce sufficient net income to allow him to acquire financial security for his later years. Second, the heirs of wife, the three children, are also the heirs of husband. Both parties testified that it is their present expectation that their children will inherit any property either receives from the dissolution.[1]

At trial husband proposed to the court that he be awarded the 240 acres that contain timber plus an additional 40 acres for access and to build a house on. If this should occur husband would have timber land that, carefully managed, would provide him with an adequate income for life. He would also be able to run

---

[1] The parcel that was wife's father's is owned by the children as the result of a devise by wife's father and it was being farmed by the son at the time of the dissolution.

[145]

cattle on the land although it is not tillable. Wife would have the property which now has the cattle and farm operations and on which the residence and other buildings are located. Wife testified she does not intend to run the farm but that it could be rented or leased, giving her additional income. Under husband's proposal wife would have the property to the east of that now operated as a farm by the son and husband's property would be to the east of that awarded to wife. Husband also proposed that wife should be awarded the growing crops and husband the crops in storage.

ORS 107.105(1)(e) directs that the marital assets should be divided in such a manner as is "just and proper in all the circumstances." We conclude the distribution proposal made by husband at trial accomplishes that objective. Therefore, the decree is modified in accordance with husband's proposal identified as Respondent's Exhibit C, which was submitted at trial, subject to one exception which relates to the crops.

As to the crops, the trial court awarded all planted and stored crops to husband. Husband proposed that wife should be awarded the planted crops valued at $4,250, and husband be awarded the stored crops valued at $17,600. We conclude that whatever crops exist now, whether growing or stored, should be divided equally, in terms of value, between the parties.

In summary, wife is awarded the 360 acres which is the cultivated and grazing portion of the land with the house and other buildings located thereon, all the farm equipment listed in Exhibit C, and her automobile and personal property in her possession. Husband is awarded the 240 acres of timber land, plus the 40 acres identified for access and residential purposes, the truck, caterpillar and cattle identified in Exhibit C, and his automobile and personal property in his possession.

The trial court awarded wife $15,000 which was to be paid by husband in annual installments of $1,000.

In practice, the financial portions of a dissolution decree are worked out together, and none can be considered in isolation." *Grove and Grove,* 280 Or 341, 344, 571 P2d 477 (1977). The trial court's award of a 15 year estate in the farmland to husband would have given wife no income from that property. Because we now award the property to wife, from which she will receive an income, we do not require husband to make any payment to wife. The $15,000 judgment is deleted from the decree.

Affirmed as modified. No costs to either party.