Argued and submitted August 28,
affirmed as modified December 30, 1981

In the Matter of the Marriage of

McQUEEN,
*Appellant,*
*and*
McQUEEN,
*Respondent.*

(No. 26908, CA A20106)

637 P2d 1323

David A. Rhoten, Salem, argued the cause for appellant. With him on the brief was Rhoten, Rhoten & Speerstra, Salem.

John L. Snyder, Monmouth, argued the cause for respondent. With him on the brief was McArthur & Jennings, P.C., Monmouth.

Before Buttler, Presiding Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this dissolution of marriage proceeding, husband appeals from the property division portion of the decree. He asserts that the division is not "just and proper in all the circumstances." ORS 107.105(1)(e).

The parties, married in 1976, separated three years later. They had no children, but wife has two teenage children by an earlier marriage living with her. Wife brought approximately $6,000 into the marriage and some personal property. Husband brought a furnished residence, some personal property and an interest in a closely-held corporation, Dallas Auto Parts. Husband held sole title to the residence, and he alone made the mortgage payments.

Husband had been in the process of buying shares of Dallas Auto Parts from the former owners since the early 1970's. In 1978, he contracted to purchase the remaining 500 shares. Husband and wife both signed a note for the purchase, requiring them to pay $50,000 at a rate of $1,000 per month including six percent interest. Husband and wife were to receive 250 shares each, in each party's own name. The final payment is due in May, 1983.

Husband has worked for Dallas Auto Parts since 1960. Wife also worked there during 1978 and 1979. It is difficult to separate the parties' private financial matters from corporate matters, but it appears that the parties were compensated equally for their work. Although the parties separated in July, 1979, wife continued to work for Dallas Auto Parts until the end of the year. By deductions from their salaries, both parties contributed to the purchase of the shares through 1979. Beginning in 1980, only husband has been making payments under the share purchase agreement.

The trial court awarded the residence to husband and awarded each party his or her own personal property and cash in possession. Husband was awarded all the shares of Dallas Auto Parts and was to assume sole liability on the share purchase agreement. Wife was awarded, as a property settlement, a judgment of $20,000, which was secured by a lien on the house and corporate shares. Husband was ordered to pay

at least $1,000 per month, including interest at nine percent per annum, until the judgment is fully paid. Wife also was awarded her costs and attorney fees.

■    Husband contends that the cash award to wife is inequitable. In dissolving a marriage of short duration, the property of the parties should be divided "on a basis roughly proportionate to the parties' contributions." *Griffin and Griffin*, 34 Or App 765, 769, 579 P2d 885 (1978); *Nolan and Nolan*, 20 Or App 432, 532 P2d 35, *rev den* (1975). The parties should be placed "as nearly as possible in the financial position they would have held if no marriage had taken place." *York and York*, 30 Or App 937, 939, 569 P2d 32 (1977).

Concerning our scope of review, we recently stated:

"Although our review is de novo and we are required to 'exercise independent judgment based on our own review of the record, our role is not to substitute our preferences for those of the lower court.' * * * This court will not modify a property division 'unless we are convinced that we can make a significantly preferable disposition' to that the trial court made." *Frishkoff and Frishkoff*, 45 Or App 1033, 1042, 610 P2d 831 (1980)(quoting *Pullen and Pullen*, 38 Or App 137, 142, 589 P2d 1145, *rev den* 286 Or 449 (1979)).

■    The record before us is not a model of clarity. It appears that wife did in fact contribute to the purchase of Dallas Auto Parts shares during 1978 and 1979. Considering also that the trial court awarded no spousal support, we see no preferable disposition to that the trial court made. We affirm the award of the $20,000 lien judgment to wife.

■    We agree with husband's contention that the terms of payment are inequitable. He now has sole liability to make payments under the share purchase agreement. These payments come out of his salary, leaving only a small amount for his living expenses. While husband has the authority to adjust his salary, his livelihood is wholly dependent on the success of Dallas Auto Parts, and there is little evidence that he can substantially increase his income from the business. We therefore modify the decree to reduce his monthly payments to not less than $500 per month until the May, 1983, share

purchase payment is made or the purchase obligation is concluded, whichever is earlier, and not less than $1,000 per month thereafter until the judgment is paid.

Affirmed as modified to change the payment schedule on the judgment. No costs to either party.