Argued and submitted September 15, 1981,
affirmed as modified and remanded April 26, 1982

In the Matter of the Marriage of

REED,
*Respondent,*
*and*
REED,
*Appellant.*

(No. D16-288, CA A20226)

643 P2d 1309

Amy Elliott, Portland, argued the cause for appellant. With her on the brief was Elliott and Elliott, Portland.

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a decree of dissolution, contending: (1) the award of spousal support was excessive; (2) the property evaluation was erroneous and the resultant distribution was inequitable; (3) the court erred in evaluating his pension plan and (4) the award of attorney fees to wife was not supported by any evidence.

After *de novo* review of the record, we conclude that we cannot make a significantly preferable spousal support award or distribution of the marital assets. *See Frishkoff and Frishkoff,* 45 Or App 1033, 610 P2d 831 (1980); *Pullen and Pullen,* 38 Or App 137, 589 P2d 1145, *rev den* 286 Or 449 (1979).

Wife agrees that the award of attorney fees is not supported in the record and concedes that the court erred in awarding attorney fees to her. Accordingly, the decree is modified to delete the award of attorney fees.

In calculating the net equity of the parties' residence, the court used a figure of $49,500 as the mortgage indebtedness. Husband contends that the mortgage balance is $46,000 while wife points to evidence in the record showing a balance of $49,000. In any event, the figure used by the court was $500 in excess of any figure disclosed by the evidence. The balance of a mortgage should be an easy figure to calculate from available records. On remand, the court should determine the actual mortgage balance as of the day of trial and recalculate the net equity used in the property distribution and modify the decree accordingly.

The decree is modified to delete the award of attorney fees to wife and remanded for a determination of the balance of the mortgage on the residence and modification of the property distribution to reflect the correct net equity in the property. The decree is otherwise affirmed.