Argued and submitted July 10, 1981,
affirmed as modified May 12, 1982

In the Matter of the Marriage of

# HARRINGTON,
*Appellant,*
*and*
# HARRINGTON,
*Respondent.*

(No. D7805-07529, CA 19150)

644 P2d 620

Constance C. Jarvis, Portland, argued the cause and filed the brief for appellant.

Jack L. Kennedy, Portland, argued the cause for respondent. With him on the brief was Kennedy, King & McClurg, Portland.

Before Buttler, Presiding Judge, and Warren and Young, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Wife appeals from a decree dissolving a 23-year marriage, contending that she should have been awarded more of the marital assets, a greater amount of spousal support and attorney fees for trial. Additionally, she appeals the trial court's denial of her motions for reconsideration and to reopen the trial submitted prior to entry of the decree.[1] We modify the amount of spousal support.

Wife, 49, is a college graduate with a degree in Music Education. She taught high school for the first three years of the marriage; however, she has not renewed her teaching certificate, which expired in 1959, and has no plans to do so because of the scarcity of positions available in that field. She has been teaching piano privately in her home since 1973, earning $4,349 in 1979.

Husband, 61, is a partner in a large law firm, earning $68,159 in 1979. Husband testified that his income has been steadily decreasing since his former law firm's merger with another firm in 1979. He attributes the decrease to the firm's policy of advancing younger partners over older partners nearing retirement age. During legislative sessions, when husband works as a lobbyist, a client provides husband with an apartment in Salem and pays for a large portion of his meals as well as travel expenses.

The parties have two daughters, one 16, attending high school, and the other, 20, completing her final year of college. Husband pays approximately $10,000 annually toward the elder daughter's educational expenses and has purchased a five year educational plan for the younger daughter's college expenses at a cost to him of $436 per month.

The dissolution decree awarded wife custody of the minor child and required husband to pay $300 per month for child support. Wife was awarded permanent spousal support of $1,000 per month for 18 months and $325 per month thereafter. Wife was awarded marital assets of approximately $236,666, including the family home, and

---

[1] Prior to the entry of the decree, the trial court submitted a letter opinion to the parties setting forth the proposed distribution of property and award of child and spousal support.

husband was awarded marital assets of approximately $259,596.

■ Wife contends that the division of property disproportionately favored husband, not only because husband was awarded approximately $22,930 more than wife, but because the trial court included in the marital estate an inheritance received by wife from her brother's estate after commencement of the dissolution proceedings. Wife relies on *Gerlitz and Gerlitz,* 50 Or App 443, 623 P2d 1088, *rev den* 290 Or 853 (1981), for the proposition that inherited property received subsequent to the separation of the parties is not a marital asset. In *Gerlitz,* however, the parties were dissolving a "relatively short term marriage," where the goal is to place the parties as nearly as possible in the financial condition they would have been in had no marriage occurred.

The considerations present in this 23-year marriage, however, are more akin to *Dietz and Dietz,* 271 Or 445, 533 P2d 783 (1975), where, during the pendency of the dissolution proceedings involving a 26-year marriage, wife received a substantial inheritance from her father. After noting husband's child support obligations and liabilities under the decree, the court held that the inheritance received by wife should be considered in the distribution of property.

■ Although the source of the parties' assets is a consideration in the property division, it is not controlling. *Frishkoff and Frishkoff,* 45 Or App 1033, 1040, 610 P2d 831 (1980), *Pullen and Pullen,* 38 Or App 137, 140, 589 P2d 1145, *rev den* 286 Or 449 (1979). Here both parties received inheritances during the marriage, and the trial court's distribution of the property reflects not only the inheritances received by each party but other relevant factors[2] as well. We conclude that the court's division of the property

---

[2] The relevant factors for consideration are:

" ' "* * * The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living." ' " *Stettler v. Stettler,* 2 Or App 119, 121, 467 P2d 130 (1970), quoting from *Siebert v. Siebert,* 184 Or 496, 502-03, 199 P2d 659 (1948).

was "just and proper in all the circumstances." ORS 107.105(1)(e) (*amended by* Or Laws 1981, ch 775, § 1).

■ We agree with wife, however, that the amount of spousal support is inadequate. Given the substantial disparity in the parties' incomes and earning capacities as they now appear, wife's standard of living will be disproportionately lower than that to which she enjoyed during the marriage unless her spousal support is increased. *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974); *see Craig and Craig,* 30 Or App 419, 567 P2d 141 (1977). Considering the factors enumerated in ORS 107.105(1)(c), we conclude that wife is entitled to spousal support of $1,000 per month for two years, then $750 per month for the next two years and $500 per month thereafter.

■ ■ Wife further appeals from the trial court's denial of attorney fees. The allowance of attorney fees is a matter within the discretion of the trial court. *Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974), *Erpelding v. Erpelding,* 6 Or App 333, 487 P2d 1406 (1971). Considering the substantial assets awarded wife, the trial court acted within its discretion here.

■ ■ Finally, wife contends that the trial court erred in denying her motions for reconsideration[3] and to reopen the trial for further evidence on the valuation of a piece of

---

[3] Wife's motion for reconsideration was based on the trial court's letter opinion, which stated that "this is an appropriate case for an equal division of the marital assets." Because husband was awarded approximately $22,930 more of the assets than wife, wife argued that the court should reconsider its property distribution. Wife further disputed the court's valuation of the inheritance she was receiving from her brother's estate. The trial court had previously reopened the trial on wife's motion for the purpose of submitting additional evidence on the value of her inheritance.

Wife now claims, however, that she will receive only $54,000 from her brother's estate and, thus, the property distribution is even more disfavorable to her. Husband counters that, assuming arguendo the correctness of the value assigned by wife to her share of the estate, the values assigned to many of the assets awarded him also require adjustment. He argues that his Keogh account and the United States Treasury Notes should be reduced to their present true value and that a particular legal fee, which he had yet to receive at time of trial, should be considered income and not a marital asset, or if a marital asset, it should be valued at no more than $140,000 less 50 percent federal taxes and 10 percent state taxes, leaving a net of $56,000. Considered together, the parties' valuations of the assets offset one another.

property.[4] The granting or denial of such motions is discretionary, *Waldow v. Waldow,* 189 Or 600, 221 P2d 576 (1950); *Ruiz and Ruiz,* 29 Or App 273, 563 P2d 168 (1977), and the motions must be based on good cause. *McCormack and McCormack,* 45 Or App 1111, 610 P2d 290 (1980). She made no showing of good cause, and her motions were properly denied.

The decree is modified to award spousal support to wife of $1,000 per month for two years, $750 per month for the next two years and $500 per month thereafter as permanent support. As modified, the decree is affirmed. Costs to appellant.

---

[4] Wife's motion to reopen the trial for additional testimony was based upon a preliminary appraisal of the parties' Cannon Beach property obtained after trial. Although wife obtained new counsel subsequent to the trial, she has made no showing why her trial counsel could not have obtained this evidence before trial. *See Ruiz and Ruiz, supra,* 29 Or App at 277.