Argued and submitted December 14, 1981; resubmitted In Banc May 4, affirmed June 16, 1982

In the Matter of the Marriage of

GOSS,
*Appellant,*
*and*
GOSS,
*Respondent.*

(No. D8006-65076, CA A21604)

646 P2d 111

Eric C. Larson, Gresham, argued the cause for appellant. With him on the brief was Larson and Sharp, Gresham.

Susan Watts, Portland, argued the cause for respondent. With her on the brief were Jack L. Kennedy and Kennedy, King & McClurg, Portland.

PER CURIAM

## PER CURIAM

On *de novo* review, the decision of the trial court is affirmed in all respects. *Pullen and Pullen,* 38 Or App 137, 589 P2d 1145, *rev den* 286 Or 449 (1979); *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, *clarified* 29 Or App 287, 563 P2d 738 (1977). *See also Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981).

**THORNTON, J.,** dissenting.

Contrary to the majority, my review of this record persuades me that payment of $1,800 per month spousal support plus $700 per month in child support, a total of $2,500, is not equitable when compared to husband's average monthly income. I believe the majority opinion is based on an erroneous impression of the size of husband's business. According to the evidence, husband's primary income source is as a manufacturer's representative selling parts to Tektronix. The second source is a computerized bookkeeping service for two small travel agencies. The third is rendering computer management consulting services to another firm.

Under the formula applied by the trial court and approved by the majority wife would receive $1800 per month from husband for her spousal support (plus $700 for the children); husband would then have $900 per month for his living expenses. I do not believe that to be equitable and therefore respectfully dissent.

Joseph, C.J., and Richardson and Buttler, JJ., join in this dissent.